IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DONNA F. SMITH THOMPSON,

    Plaintiff,

v.

    Case No. 1:15-cv-01012-JDT-egb

NANCY MILLER-HERRON, *State of Tenn. Claims Commissioner*, et al.,

    Defendants.

---

**REPORT AND RECOMMENDATION**

---

On January 13, 2015, pro se plaintiff Donna F. Smith Thompson filed this Complaint. This matter was transferred from the Middle District of Tennessee and is a complaint against Tennessee Claims Commissioner Nancy Miller-Herron, the Attorney General of the State of Tennessee and Crockett County Circuit Court Clerk Kim Kail. Plaintiff seeks "a declaratory judgment rewarding the claimant Donna Thompson . . . damages of ($292,000,000) two hundred ninety two million dollars, or to enforce the statues of Tenn and USA giving the rights to a settlement with the state of Tenn . . . that the TN Claims Commission comply with the TN Comptroller Recommendation of 1998 audit, mediation program . . . to settle disputed claims."

1

Plaintiff also seeks "to remove all damages from Claimant's credit report of any cost of court fees which pertain to the elected official Kim Kail . . ."

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court

'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from

3

whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL

4

285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## BACKGROUND

In her Complaint, Plaintiff states that the Claims Commissioner "showed prejudice toward" her because there was "no set of facts that the commissioner didn't have jurisdiction over [her] claim due to the due process clause of the Constitution, Article 1; T.C.A. 29-14-101; 9-8-301 and 4-21-301 (1)(2) (sic)."

Plaintiff explains that she made a claim with the Division of Claims after the Crockett County Circuit Court Clerk Kail allegedly discriminated or negligently did not provide Thompson timely assistance with regard to the American Recovery

5

Reinvestment Act or stimulus bill. Plaintiff's case was sent to the Claims Commission, where ultimately, she received an adverse decision.

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and alteration omitted). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant

could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1]  A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also* Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation).

    While Plaintiff's Complaint is rambling and confusing, the heart of her Complaint appears to be a request that she be awarded a judgment, have the right to a settlement with the state of Tennessee, and/or that this Court order the Tennessee

---

[1] See also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").

Claims Commission to settle. All of the acts complained of regard Defendants' actions in their official duties.

Plaintiff has attached the Order of the Claims Commission granting Defendant State of Tennessee's Motion to Dismiss. In that Order, the Commission clearly explains that it lacks subject matter jurisdiction because Plaintiff's original claim is against a circuit court clerk, who is a county official not a state official.

First, regarding the State of Tennessee, "[i]t is a well-settled principle of constitutional and statutory law in this state that '[t]he State of Tennessee, as a sovereign, is immune from suit except as it consents to be sued.' *Brewington v. Brewington*, [387 S.W.2d 777, 779 (Tenn. 1965)]. This doctrine of sovereign immunity 'has been a part of the common law of Tennessee for more than a century and [it] provides that suit may not be brought against a governmental entity unless that governmental entity has consented to be sued.' *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997). Despite this general grant of immunity, however, the courts of this state have frequently recognized that the Tennessee Constitution has modified this rule of absolute sovereign immunity by providing that '[s]uits may be brought against the State in such manner

and in such courts as the Legislature may by law direct.' [Tenn. Const. art. I, § 17]; *see also Kirby v. Macon County*, 892 S.W.2d 403, 406 (Tenn. 1995)." 33 S.W.3d at 790. As the State has not consented to be sued, and Plaintiff does not appear to be invoking an exception to this immunity, the Magistrate Judge finds that Plaintiff has failed to state a claim against the State of Tennessee.

Second, regarding Defendant Miller-Herron, all of the acts complained of relate to her performance as Commissioner and handling of Plaintiff's claim. The courts of appeal have unanimously held that judges who sit on courts of limited rather than general jurisdiction enjoy absolute judicial immunity for judicial acts not taken in the clear absence of jurisdiction. *Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000) (collecting cases); *see Dixon v. Clem*, 492 F.3d 665, 674-75 (6th Cir. 2007) (hearing officer absolutely immune). Administrative adjudication can give rise to absolute judicial immunity, sometimes termed quasi-judicial immunity, when the administrative adjudicator performs a judicial function in proceedings sufficiently judicial in character. In determining whether an individual performing administrative adjudicatory functions is entitled to absolute or only to

qualified immunity, the Supreme Court identified several relevant factors:

> *(a) The need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.*

*Cleavenger v. Saxner*, 474 U.S. 193, 202 (1985) (quoting *Butz v. Economou*, 438 U.S. 478, 511 (1978)). The courts of appeal have explicitly extended absolute immunity to state personnel board members performing adjudicative functions, *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997)(noting that in extending absolute immunity to those within administrative agencies who perform functions similar to judges and prosecutors, the Supreme Court has recognized that administrative proceedings are usually adversarial in nature and provide many of the same features and safeguards that are provided in court.) Because judicial immunity arises from the performance of an adjudicatory function, it extends to judicial or adjudicative acts within a quasi-judicial administrative proceeding whether or not the actor is a judge or an administrator. *Butz v. Economou*, 438 U.S. 478, 506-07 (1978). Here, Defendant Miller-Herron, as

Commissioner of the Claims Commission, is entitled to absolute immunity for the actions complained of, and thus Plaintiff has failed to state a claim against her.

Finally, Plaintiff complains that elected official Kim Kail did not send records in a timely manner. Plaintiff complains that Kail was incompetent in keeping accounts and/or financial administration and has operated illegal transactions.

Defendant Kail is Crockett County Circuit Court Clerk. It is well established that court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988); *Denman v. Leedy,* 479 F.2d 1097, 1098 (6th Cir.1973) (where plaintiffs' charge related to an act performed by the municipal court clerk within the scope of his official quasi-judicial duties, the clerk was entitled to immunity). In *Lyle v. Jackson*, a defendant challenged the dismissal of some of the claims disposed of in the initial screening order, but the Sixth Circuit concluded that all of these claims were properly dismissed. Lyle sought monetary damages from two court clerks whom he alleged failed to provide him with requested copies of previous filings and transcripts. The complaint was properly dismissed as to these defendants on the basis of quasi-judicial

immunity. *Lyle,* 49 F. App'x 492 (6th Cir. 2002) citing *Foster v. Walsh,* 864 F.2d 416, 418 (6th Cir.1988). *See also Bare v. Atwood*, 204 N.C. App. 310, 315 (2010) ("[T]he Clerk plainly was performing a judicial function because she was acting in her capacity as the Clerk of Court."). Here, the acts complained of regard Defendant's performance of official functions as Circuit Court Clerk, and thus Defendant Kail is likewise protected by absolute immunity. Thus Plaintiff has failed to state a claim and this action must be dismissed.

Finally, the *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Michigan Supreme Court,* 224 F.3d 504, 506–07 (6th Cir.2000). Plaintiff's Complaint alleges that the Claims Commissioner erred in her ruling. To the extent that Plaintiff is attempting to appeal the decision of the Claims Commissioner by way of this federal action, the *Rooker–Feldman* doctrine prohibits this suit, and the Magistrate Judge recommends dismissal under § 1915(e)(2) on this separate ground as well. *See Riser v. Schnieder,* 37 F. App'x 763, 764 (6th Cir. 2002)(where the plaintiff alleged that the

claims against him in the small claims action were invalid and contrary to state and federal law, the *Rooker–Feldman* doctrine, which prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision, prohibited his suit.)

For all these reasons, because Plaintiff has failed to state a claim upon which relief may be granted, the Magistrate Judge recommends that Plaintiff's claims be dismissed in their entirety.

Respectfully Submitted this 29th day of September, 2015.

                                        **s/Edward G. Bryant**
                                        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**