IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA F. SMITH THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1012-JDT-egb |
| | ) | |
| NANCY MILLER-HERRON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION TO TRANSFER, DENYING OBJECTION,
ADOPTING REPORT AND RECOMMENDATION, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Plaintiff, Donna F. Smith Thompson, a resident of Los Angeles, California, filed a *pro se* civil complaint on January 13, 2015, in the U.S. District Court for the Middle District of Tennessee (ECF No. 1), accompanied by a motion for leave to proceed *in forma pauperis* (ECF No 3). On January 26, 2015, U.S. District Judge William J. Haynes granted leave to proceed *in forma pauperis* and transferred the case to this district, where it was docketed on January 27, 2015. (ECF Nos. 4 & 5.) On April 13, 2015, Plaintiff filed a motion to transfer the case to the U.S. District Court for the Southern District of California. (ECF No. 10.) United States Magistrate Judge Edward G. Bryant issued a Report and Recommendation ("R&R") on September 29, 2015, in which he recommended that the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). (ECF No. 11.) Plaintiff filed an objection to the R&R on October 19, 2015.[1] (ECF No. 12.)

---

[1] When the case was filed, Plaintiff was a resident of Smyrna, Tennessee. (ECF No. 1 at 1.) On April 13, 2015, she filed a notice of change of address advising that she had moved to
(continued...)

Plaintiff's only stated objection[2] to the R&R is that the Magistrate Judge failed to rule on her motion to transfer. However, the only reason she seeks a transfer to California is that it would be more convenient for her because she now lives there. Pursuant to 28 U.S.C. § 1404(a):

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought* or to any district or division to which all parties have consented.

This case could not have been brought in California. The general venue statute provides:

> (b) Venue in general.–A civil action may be brought in–
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). As noted by Judge Haynes when he transferred this case to this district, the Defendants reside in this district and the claim Plaintiff filed with the Tennessee Claims

---

[1](...continued)
California. (ECF No. 9.) The envelope in which her October 19th objection to the R&R was mailed bears a return address in Murfreesboro, Tennessee (ECF No. 12-1), but Plaintiff has not submitted another actual notice of change of address and is still requesting this case be transferred to California. Therefore, the Court presumes she remains a resident of Los Angeles. Nevertheless, the Clerk is DIRECTED to mail a copy of this order to both Plaintiff's address of record in Los Angeles and to the Murfreesboro, Tennessee address.

[2] Plaintiff's objection was due within 14 days after service of the R&R, on or before Friday, October 16, 2015. *See* Fed. R. Civ. P. 6(d). However, it was not received by the Clerk until Monday, October 19, 2015, and is, therefore, untimely. Notwithstanding the belated filing, the Court has considered the objection.

Commission involved a foreclosure in this district. Furthermore, it does not appear the Defendants would be subject to personal jurisdiction in California.

Even if venue would be proper in California, the Court would decline to transfer this case, as it would not be in the interest of justice to do so. As the Magistrate Judge explained in the R&R, Plaintiff's official capacity claims are barred by the Eleventh Amendment's grant of sovereign immunity, and any individual capacity claims are barred by judicial and quasi-judicial immunity. In addition, the *Rooker-Feldman* doctrine would prevent this Court from reviewing the decision of the Tennessee Claims Commission. *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923.)

The Court hereby DENIES the motion to transfer. Plaintiff's objection to the Magistrate Judge's R&R is also DENIED, and the R&R is ADOPTED. This case is hereby DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE